UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
NANCY VASQUEZ,

        Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
---------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 19-CV-2574-FB

**BLOCK, Senior District Judge:**

Nancy Vasquez received disability benefits after the Commissioner of Social Security agreed to a remand. Her attorney, Charles Binder, received $4,500 in attorney fees under the Equal Access to Justice Act ("EAJA"). Binder now seeks an order directing the Commissioner to disburse to him $11,522.25—representing 25% of Vasquez's past-due benefits—pursuant to his contingency-fee agreement.

**I**

The Commissioner notes that Binder's motion was filed more than eight months after his client received notice of her past-due benefits. A fees motion must normally be filed within fourteen days of receipt of the notice, but district courts may extend the deadline for good cause. *See Sinkler v. Berryhill*, 932 F.3d 83, 88-90 (2d Cir. 2019) (citing Federal Rule of Civil Procedure 54(d)(2)(B)).

1

Although Vasquez received the notice of past-due benefits in April 2021, Binder did not receive the notice until December of that year; he filed his fees motion ten days later.  The Second Circuit in *Sinkler* referred to both notice to the claimant, *see id.* at 85 ("[T]he fourteen-day filing period is tolled until the claimant receives notice of the amount of any benefits award."), and notice to the claimant's attorney, *see id.* ("Once counsel receives notice of the benefits award . . . there is no sound reason not to apply Rule 54(2)(B)'s fourteen-day limitations period[.]").  The distinction did not matter in *Sinkler*, but it does in this case.

The Court concludes that the relevant notice for timeliness purposes is notice to the attorney.  Because the fees sought come out of the claimant's past-due benefits, attorney and client face a potential conflict of interest.  A claimant who disputes the contingency-fee agreement—whether in good faith or frivolously—might not promptly advise the attorney of the notice.  The Court declines to create such an incentive.  In any event, even if notice to the claimant were the relevant notice, the Court would conclude that Binder's ignorance of that notice constituted good cause for the delay.  In either case, the fees motion was timely.

## II

18 U.S.C. § 406(b) entitles prevailing claimants in Social Security actions to "reasonable [attorney's] fee[s] [that are] not in excess of 25 percent of the total past-due benefits to which the plaintiff is entitled."  Reasonableness depends on three

factors: (1) whether the proposed fee is below the 25% statutory maximum; (2) whether the contingency-fee agreement is the product of fraud or attorney overreach; and (3) whether the requested amount is so large it constitutes a windfall to the attorney. *See Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). The first and second factors are not at issue here.

The Second Circuit recently set forth the guidelines for determining whether a fee award within the 25% cap constitutes a windfall. *See Fields v, Kijakazi*, 24 F.4th 845 (2d Cir. 2022). First, the court should consider the expertise and ability of the lawyers and whether they were particularly efficient. *See id.* at 854. Second, it should consider the nature and length of the professional relationship with the claimant, including any representation at the agency level. *See id.* at 855. Third, a court should consider the satisfaction of the disabled claimant. *See id.* Fourth, a court should consider how uncertain it was that the case would result in an award of benefits and the efforts it took to achieve that result. *See id.*

There are no objections to Binder's expertise or the quality of his representation. Binder has represented Vasquez since May 2019, including in a prior district-court appeal that resulted in a remand. There is no evidence of any concerns regarding Binder's satisfaction with his representation or the outcome of the matter.

The Court finds that the hours spent on Vasquez's case were reasonable. The

effective hourly rate of Binder's representation is $503.16 per hour. Court have approved much higher rates. *See Hughes v. Saul*, No. 20-CV-01609 (ER), 2022 WL 2161191 at *3 (E.D.N.Y. Jun. 15, 2022); *Baron v. Astrue*, 311 F. Supp. 3d 633, 637-38 (S.D.N.Y. 2018) (collecting cases with hourly fees ranging from $1,072.17 to $2,100).

Therefore, the Court approves Binder's fee request. However, since the statute requires that the "claimant's attorney… refund to the claimant the amount of the smaller fee," *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), he must first refund to Vasquez the $4,500 he received under the EAJA. Contingent upon that refund, the Commissioner is ordered to disburse $11,522.25 to Binder.

     /S/ Frederic Block  
FREDERIC BLOCK  
Senior United States District Judge

Brooklyn, New York  
July 26, 2022